UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN FRIED, individually and on behalf of all others similarly situated, | CLASS ACTION |
| Plaintiff, | Case No. 1:24-cv-06040 |
| vs. | |
| BEAUTY FX SPA INC. d/b/a BEAUTYFIX MEDSPA, | |
| Defendant. _____/ | |

### PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Pursuant to Federal Rule of Civil Procedure 55(b)(2) and this Court's October 18, 2024 Order [ECF No. 20], Plaintiff Jonathan Fried hereby moves this Honorable Court for a judgment by default against Defendant, Beauty FX Spa Inc. d/b/a Beautyfix Medspa ("Defendant"), and in support thereof states as follows:

### I.   INTRODUCTION

Plaintiff filed his Complaint against Defendant on August 8, 2024 [ECF No. 1] to recover statutory damages caused by Defendant's spam text messages, sent in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 to Plaintiff and consumers while their numbers were listed on the National Do Not Call registry. "Being deluged with 'spam' telemarketing phone calls or text messages is the bane of modern life…. One of the purposes of the TCPA was to prevent marketers from using 'autodialing' technology to call phone numbers en masse." *Borden v. eFinancial, LLC*, 53 F.4th 1230, 1231 (9th Cir. 2022). "Robocalls and robotexts are nuisances. Congress banned them in the Telephone Consumer Protection Act of 1991 ('TCPA'). But as every American knows, there are companies—like the defendant in this case—who refuse to get that message while collectively sending millions of others." *Cranor v. 5 Star Nutrition, L.L.C.*, 998 F.3d 686, 688 (5th Cir. 2021).

The TCPA was enacted in 1991 "to protect consumer privacy by placing limits on telemarketing calls and granting individuals who unlawfully receive calls permission to sue." *Cordoba v. DIRECTV, LLC*, 942 F.3D 1259, 1264 (11th Cir. 2019). The TCPA prohibits certain telemarketing practices; it also "authorized the [Federal Communications Commission ("FCC")] to promulgate regulations 'concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." *Id*. at 1265 (quoting 47 U.S.C. § 227(c)(1)). "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id*.; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')… Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

Due to Defendant's failure to respond or otherwise defend itself in this lawsuit, Plaintiff is entitled to Judgement by Default against Defendant. In the Complaint, Plaintiff seeks to represent a class of similarly situated persons pursuant to Federal Rules of Civil Procedure 23(a) and (b). Plaintiff

estimates that there are several thousand, if not more, members in the purported class he wishes to certify. *See* Complaint at ¶ 35. Because Defendant refused to participate in this case, however, Plaintiff cannot, without discovery, attempt to demonstrate the elements for certification of a class. Plaintiff therefore seeks leave to conduct class discovery to identify recipients of Defendant's text messages and to determine the total number of text messages each class member received in order to calculate damages pursuant to Fed. R. Civ. P. 69 (discovery in aid of judgment). Upon information and belief both Defendant and its text messaging vendor, Twilio, Inc., have information related to the class size and damages. As other courts have found, it would be unjust to prevent Plaintiff from attempting to demonstrate the elements for certification of a class without the benefit of discovery, solely because Defendant failed to participate in this case. *See Leo v. Classmoney.net*, 2019 WL 238548, at *2; *Martie v. M&M Bedding, LLC*, No. 2:20-cv-43-FtM-38NPM, 2020 WL 8996698, at *2 (M.D. Fla. May 18, 2020); *see also Yarger v. Fresh Farms, LLC*, No. 2:19-CV-2767, 2020 WL 4673229, at *9 (D. Kan. Aug. 12, 2020) (granting leave to conduct class certification discovery notwithstanding Defendant's default for violation of the TCPA).

## II.     PROCEDURAL HISTORY

1. On August 8, 2024, Plaintiff filed a Class Action Complaint [ECF No. 1] to recover statutory damages caused by Defendant's unsolicited spam text messages, sent in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. The Complaint and summons were properly served upon Defendant, via process server, on August 12, 2024. [ECF No. 6] attached as **Exhibit 1.**

3. Pursuant to Fed. R. Civ. P. 12(a), Defendant was required to serve a responsive pleading on or before September 2, 2024.

4. On October 8, 2024, Plaintiff filed its Proposed Clerk's Certificate of Default [ECF No. 17], which was entered by the Clerk on October 9, 2024 [ECF No. 19] attached as **Exhibit 2**.

### III.     FACTS

5.      On December 22, 2023, Plaintiff registered his cellular telephone number ending in 0650 (the "0650 Number") with the national do-not-call registry, and has been registered at all times relevant to this action. Complaint at ¶ 20.

6.      At no point in time did Plaintiff provide Defendant with his express written consent to be contacted, nor does Plaintiff have any existing business relationship with Defendant. *Id.*, at ¶¶ 17, 18.

7.      Beginning on January 30, 2024 and continuing through March 6, 2024, Defendant sent or caused to be sent eight (8) telemarketing text messages to Plaintiff's cellular telephone number ending in 0650 (the "0650 Number"). *Id.* at ¶ 11.

8.      Defendant's text messages constitute telemarketing because they encouraged the future purchase or investment in property, goods, or services, i.e. promoting Defendant's medspa products and services. *Id.*, at ¶ 13.

9.      Plaintiff is the subscriber and sole user of the 0650 Number and is financially responsible for phone service to the 0650 Number. *Id.*, at ¶ 19. Plaintiff is the residential subscriber of the cell phone number 415-590-0650. *See* Declaration of Jonathan Fried at ¶ 8. The text messages originated from telephone number 510-662-6869, a number that is controlled by Defendant. Complaint, at ¶ 23. *See also* Declaration of Jonathan Fried at ¶10.

10.     Defendant's unsolicited text messages caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Complaint., at ¶ 29.

11.     Upon information and belief, Defendant has placed violative calls to cellular telephone numbers belonging to thousands of consumers throughout the United States who are registered on the Do Not Call registry and without including important seller identification

information in the messages. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable. *Id*. at ¶ 35.

12. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories. *Id*. at ¶ 39.

13. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class. *Id*. at ¶ 40.

## IV. MEMORANDUM OF LAW

Rule 55(a) states that the Clerk shall enter a party's default when the party " . . . has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A), the Defendant had 20 days after being served with the Summons and Complaint to file an answer, a motion permitted by Rule 12, or a motion for an extension of time in which to respond. Put simply, "the default mechanism is necessary to deal with wholly unresponsive parties who otherwise could cause the justice system to grind to a halt. Defendants who appear to be 'blowing off' the complaint should expect neither sympathy nor leniency from the court." *Fornix Holdings LLC v. Pepin*, 2023 WL 4488976 at *2 (D. Ariz. July 12, 2023), citing 2 Gensler, Federal Rules of Civil Procedure Rules and Commentary, Rule 55, at 119-20 (2020).

On a motion for default judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure, the Court accepts as true the facts alleged in the complaint: "[B]y defaulting, the [defendant is] deemed to have 'admit[ted] the plaintiff's well-plead allegations of fact' for purposes of liability." *Coton v. Televised Visual X-Ography, Inc.*, 740 F.Supp. 2d 1299, 1307 (M.D. Fla. 2010)(quoting *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)); *Tyco Fire  Sec., LLC v. Alcocer*, 218 Fed. App'x 860,

863 (11th Cir. 2007). If the admitted facts establish the defaulting defendant's liability, the plaintiff is entitled to relief against that defendant.

The Defendant did not plead or otherwise defend within the 20-day period. Accordingly, pursuant to Rule 55(a) and at Plaintiff's request, the Clerk made an Entry of Default with respect to Defendant. [ECF No. 19]. Upon a party's default and the Clerk's Entry of Default, the Court may enter a default judgment against that party. Fed. R. Civ. P. 55(b)(2). With respect to this present Motion, Plaintiff is moving for judgment with respect to Count I for violations of the TCPA and claim for relief b, for an award of statutory damages based on Defendant's violations of the TCPA, pursuant to 47 U.S.C. § 227(c)(5) on behalf of himself and the proposed class.

As this is a proposed class action, and Plaintiff has alleged his claims are typical of the claims of the Class members and that thousands of other class members exist, Plaintiff seeks leave to conduct class discovery related to the class size and damages. This discovery is imperative to determine the class damages and move for class certification. Upon information and belief Defendant used the texting vendor Twilio who will have relevant class-related information.

### A. Defendant's Violations of the TCPA

The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5). The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

Under 47 C.F.R § 64.1200(e) the rules set forth in 47 C.F.R. § 64.1200(c) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers:

> (e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.

47 C.F.R. § 64.1200(e).

Further, the FCC has issued rulings and clarified that consumers are entitled to the same consent-based protections for text messages as they are for calls to wireless numbers. *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009) (The FCC has determined that a text message falls within the meaning of "to make any call" in 47 U.S.C. § 227(b)(1)(A)). Plaintiff registered his personal telephone number with the national do-not-call registry on December 22, 2024, and has been registered at all times relevant to this action. *See* Declaration of Jonathan Fried at ¶ 9.

Because Plaintiff received more than one text message within in a 12-month period made by or on behalf of Defendant as described above, Defendant violated 47 U.S.C. § 227(c)(5). As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of $500-$1,500 in statutory damages, for each and every text message that represents a violation, pursuant to 47 U.S.C. § 227(c)(5). As held by the United States Court of Appeals for the Ninth Circuit: "Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any *additional* harm beyond the one Congress has identified.'" *Van Patten v. Vertical Fitness Grp.*, 847 F.3d 1037, 1043 (9th Cir. 2017) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (emphasis original)).

V.     **CONCLUSION**

Pursuant to Rule 55(b)(2), Plaintiff respectfully requests that Default Judgment be entered by the Court against Defendant as to Plaintiff's Claim for Relief as follows:

a. On its first claim for relief, pursuant to Count One, against Defendant for the sum of $12,000.00 (representing statutory damages in the amount of $1,500.00 for each of the 8 text messages sent to Plaintiff after he registered his telephone number on the Do Not Call List) for Defendant's knowing/willful violations of 47 U.S.C. § 227; with post-judgment interest thereon at the applicable federal rate, from the date of judgment until the date the judgment is satisfied; and

b. Plaintiff is also entitled to class discovery in aid of the judgment pursuant to Fed. R. Civ. P. 69 and in support of his proposed motion to certify a class including but not limited to discovery served directly on Defendant and a subpoena to Twilio, Inc.

A proposed entry of default judgment by the Court is attached hereto as "**Exhibit 3.**"

Date: October 23, 2024

Respectfully submitted,

*/s/ Andrew Shamis*
Andrew J. Shamis, Esq.
ashamis@shamisgentile.com
New York Bar No. 037343
**SHAMIS & GENTILE P.A.**
14 NE 1st Ave., Suite 705
Miami, Florida 33132
Telephone: 305-479-2299

*Counsel for Plaintiff and proposed class*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify pursuant to Local Rule 55.2(a)(3) that the foregoing document and all documents in support of the request for default judgment are being served this day on Defendant via USPS mail at its last known business address 18 West 23rd Street,

8

2 Flr, New York, NY 10010 and 53 BORMAN AVE, STATEN ISLAND, NY, UNITED STATES, 10314.

          By:    */s/ Andrew J. Shamis*
                  Andrew J. Shamis, Esq.
                  NY Bar # 037343

                  *Counsel for Plaintiff and proposed class*